By the Court.—Sedgwick, J.
Before August 7, 1868, the plaintiff and defendant were members of a firm—“ Steinhart & Co.at that date the plaintiff sold his interest in the- firm property to the defendant, who went into sole possession of it.
At the same date, the defendant covenanted to indemnify the plaintiff against the payment of the debts of Steinhart & Co., “hereafter mentioned in the schedule hereto annexed, which are found to be valid and subsisting claims against said firm, and from and against all loss, damage and expense to which he or they .may be subjected for or" by reason of said debts and liabilities.” The action is brought on this covenant, for damages suffered by the plaintiff in paying a debt due to Scholler & Co., for seven hundred and eighty-four dollars and fifty-nine cents, alleged to be a debt due by Steinhart & Co. within the terms of the covenant, and expenses connected with such payment.
The plaintiff, to maintain his action, had to show that he had paid this debt; that it was a valid debt of Steinhart & Co., provided for by the covenant; that at the time of payment it was outstanding, and that he was subjected to further loss and expense by reason of his liability to pay that debt.
On the trial he proved that a firm “ Steinhart & Hayne” were indebted to Scholler & Co. in the sum of *220 seven hundred and eighty-four dollars and fifty-nine cents. The evidence given by Thompson, of the latter firm, and by Hayne, of the former firm, both as to the fact that such a debt existed and as to conversation with the defendant, in which he referred to it as a debt existing as between Scholler & Co. and Steinhart &. Hayne, supports the finding of the referee in that regard.
The presumption was that it remained unsatisfied down to and through the time of the covenant of indemnity.
Hayne, who with Steinhart, the plaintiff, composed the firm of Steinhart & Hayne, assigned, in writing, about' June 25, 1868, to the defendant, Do'ellner, his interest in the partnership property of Steinhart & Hayne, and the defendant, on the same day (the various parts of the transaction being connected together), formed with the plaintiff, by written articles, the partnership, Steinhart & Co. By these articles it was witnessed that the parties thereto had contributed to" the capital stock of the said copartnership all their and each of their right, title, and interest in and to the property and effects pertaining to the said piano-forte business, and in and to the said business owned by them at the said premises, Hos. 125 and 127 Worth street, in said city of Hew York, and elsewhere, being the property and business formerly of “ Steinhart & Hayne.” The new firm of Steinhart & Co. did go into possession of the partnership property of the old firm of Steinhart' & Hayne.
It appears by this, that Steinhart & Hayne had property which was first applicable to the payment of its indebtedness, in which were the debt due to Scholler & Co., and it was the duty of the new firm of Steinhart & Co. to so apply it. This being the duty of the new firm, that an express promise by it to assume and pay that indebtedness was made, has probability in its- *221 favor. The referee heard evidence, direct and circumstantial, from which he found that Steinhart & Co. had made such a promise. Hayne testifies that at the time he sold his interest to the defendant, he handed to him a statement of the debts of Steinhart & Hayne, which the defendant promised to pay.
The defendant, at the same time, asked Hayne to use his influence to get the creditors of Steinhart & Hayne to take the notes of Steinhart & Co., and Hayne specially mentioned to him the debt to Scholler & Co., and the defendant promised to pay that, in cash. The conduct of the defendant, in paying other debts of Steinhart & Hayne, is a circumstance that has its weight in this matter, although not conclusive.
The defendant’s counsel takes the position that this shows only an individual promise by the defendant, but not a promise by Steinhart & Co., and that whosever promise it was, it was void by the statute of frauds, as a promise to answer for the debt of another, and which was not in writing.
As to the former position, it seems clear, when the facts are looked at together, that whatever pronoun the defendant used, whether I or we, he was .acting and promising, not for himself, but for the firm of Steinhart & Co. He meant to subject the property of Steinhart & Co. to the satisfaction of their promise, because about a fortnight after we went into the new firm, he asked Hayne if he could not induce Scholler & Co. to accept the round sum of seven hundred dollars for the debt of seven hundred and eighty dollars, and if not, if he could get them to accept business notes held by Steinhart & Co.
As to the position that the oral promise is void, by the statute of frauds, it is said that the statute does not apply to a promise made to a debtor to pay his debt to’ his creditor (Wolff v. Hoppell, 5 Hill, 460; Barker v. Bucklin, 2 Denio, 60); at least, when such promise is’ *222 made upon a new consideration moving to the promisor (1 Smith' s Leading Cases, 9 Am. ed. 494).
In this case, Hayne was a debtor owing the debts which the new firm of Steinhart & Co., promised to pay. He was bound jointly with another to the creditor, but he was none the less their debtor. One of the promisors, viz: Steinhart, was himself a debtor jointly with Hayne, but it is not necessary to advert to that to find the promise valid. For this promise by the new ■ firm there appears sufficient consideration in the firm being put into the possession and use of the partnership property of Steinhardt & Hayne.
The testimony of Thompson that the debt due to Scholler & Co., was a valid debt, was objectionable but harmless. It was elsewhere and otherwise shown by competent testimony to have been valid.
The conversations that were testified to as had between Thompson and the defendant were objected to as being negotiations for compromise. Technically the objection was not good, because it was made in part to a conversation which stood by itself and was a bare promise by defendant to pay the whole of the debt. As to the other conversation, it was at best for the defendant, doubtful whether the defendant made an offer to free himself from the burden of an alleged objection, while denying its existence, or whether he made the offer he did, admitting the existence of the obligation. This was a question of fact for the referee to pass upon, with the other facts.
The many exceptions to the admission of evidence and to the findings, and to the refusals to find, have been examined.
They are exhausting and ingenious, but none of them can be sustained, beyond the one hereafter mentioned.
The covenant of the defendant was to indemnify the plaintiff against payment of the debts referred to, and *223 against “all loss, damage, and expense, to which he or they may be subjected for or by reason of said debts and liabilities.” It has been seen that the debt due to Scholler & Co., was a liability of Steinhardt & Co., and it was mentioned in the schedule attached to the covenant.
The defendant, not by force of the covenant by itself, but because of his being, after the plaintiff’s assignment to him, in sole possession of the property of Steinhart & Co., and of his having covenanted to indemnify the plaintiff, was bound as between himself and the plaintiff to pay the amount due to Scholler & Co. Steinhardt had a right to rely upon the performance of this duty. Therefore, for the purpose of this action, the plaintiff was justified in not paying the claim before the action was brought by Scholler & Co., against the plaintiff and Hayne. The defendant had no notice of the bringing of that action, and under the terms of the covenant is not bound by it. The claim on which it was founded was, however, otherwise shown in the case to have been a valid subsisting claim against Steinhart & Co., which the creditors had a right to enforce against Steinhart & Hayne. The proof shows that the plaintiff paid the amount of the judgment, which included the sum of the indebtedness, costs, and sheriff’s charges upon the execution. In this way it appears that the plaintiff paid an indebtedness of Scholler & Co., and for that he can recover in this action. He, too, can recover the amount of costs that accrued, upon the summons being served upon him. As he was not bound to pay before the action was begun, these costs may be considered as an expense or loss to which he was subjected by reason of the liability. He cannot recover for the subsequent costs and expenses. They were unnecessarily incurred. If the action had been allowed to proceed, without payment or tender when notice of it had been given to *224 the defendant, and then the plaintiff had paid the execution, that would make another case. The plaintiff chose not to notify the defendant, but took the responsibility of the validity of the claim in action and it being valid to his knowledge, he should have stopped costs and expenses as soon as possible. The judgment in this action cannot be sustained as to those costs and expenses which accrued after the service of summons in Scholler •& Co. *. Steinhart & Hayne.
Judgment must therefore be reversed, unless the plaintiff remit from it such subsequent costs and expenses and interest, in which case judgment must be affirmed.